1

2

3                     UNITED STATES DISTRICT COURT

4                          DISTRICT OF NEVADA

5                                 * * *

6    UNITED STATES OF AMERICA,              Case No. 3:21-cr-00028-MMD-CLB
                                            Related Case: 3:23-cv-00102-MMD
7                              Plaintiff,
           v.
8                                           ORDER
     BARRY MICHAEL JONES,
9
                              Defendant.
10

11   **I.     INTRODUCTION**

12          Defendant Barry Michael Jones pled guilty to one count in the indictment charging

13   him with felon in possession of firearms. (ECF No. 31.) Before the Court is Jones' motion

14   under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence ("Motion"). (ECF No.

15   45.)[1] As further explained below, the Court agrees with the government that Jones is not

16   entitled to relief under Section 2255 and will therefore deny the Motion.

17   **II.    BACKGROUND**

18          On August 26, 2021, Jones was indicted on one count of felon in possession of

19   firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 1.) Jones

20   subsequently entered into a plea agreement (ECF No. 29) and pled guilty (ECF No. 31).[2]

21   In doing so, Jones admitted to having knowingly possessed two firearms on June 7, 2021,

22   after he had been convicted of possession of a stolen vehicle on November 18, 2004.

23   (ECF No. 29 at 6.) On March 4, 2022, the Court accepted Jones' guilty plea, after

24   canvassing him and finding that his plea was knowing and voluntary. (ECF No. 31.) On

25

26   _____

27          [1]The government filed a response (ECF No. 48), and Jones filed a reply (ECF No.
     49).

28          [2]An Assistant Federal Public Defender initially represented Jones, but the Court
     granted his motion to withdraw (ECF No. 18) and appointed Cheryl A. Field-Lang to
     represent him under the Criminal Justice Act on September 15, 2021 (ECF No. 19).

1   June 9, 2022, the Court imposed a sentence of 37 months followed by three years of

2   supervised release. (ECF Nos. 43, 44.)

3         Jones' Motion asserts two grounds stemming from alleged violations of federal

4   wiretap laws found in Title III, 18 U.S.C. §§ 2511, 2517, and 2518(1)-(10) and state

5   wiretap laws found in NRS §§ 179.410 to 179.500 when law enforcement unlawfully

6   intercepted Jones' communications. (ECF No. 45.) Ground one asserts ineffective

7   assistance of counsel ("IAC") for her failure to challenge evidence obtained based on

8   such violations. (*Id.* at 4, 17-22.) Ground two asserts a direct violation of these laws. (*Id.*

9   at 5, 23-25.) Jones' Motion also requests appointment of counsel and an evidentiary

10  hearing in grounds three and four. (*Id*. at 7-8, 26.)

11  **III.    LEGAL STANDARD**

12        A federal prisoner may seek relief under 28 U.S.C. § 2255 if: (1) "the sentence was

13  imposed in violation of the Constitution or laws of the United States;" (2) "the court was

14  without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the

15  maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral

16  attack." 28 U.S.C. § 2255(a). A petitioner seeking relief under Section 2255 "must clear a

17  significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456

18  U.S. 152, 166 (1982). The alleged error of law must be "a fundamental defect which

19  inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S.

20  333, 346 (1974) (citation omitted).

21  **IV.    DISCUSSION**

22        Jones raises two substantive grounds (grounds one and two) based on law

23  enforcement's violation of federal and state wiretap laws in obtaining evidence that led to

24  his conviction. The Court will address the grounds in reverse order because ground two

25  is based on a direct violation of federal and state wiretap laws while ground one involves

26  an IAC claim based on counsel's failure to challenge evidence obtained in violation of

27  those laws, including filing a motion to suppress.

28  ///

1    Jones' Motion is based on his contention that the Regional Crime Suppression Unit

2  ("RCSU") intercepted electronic communications as part of its investigation that led to the

3  discovery of the firearms at issue without applying for an application with any court under

4  Title III or NRS §§ 179.410 to NRS 179.500. (ECF No. 45 at 14-15.) Jones relies on the

5  narrative description in the Reno Police Department Report ("Report") of his arrest. (*Id.*

6  at 67-69.) The Report described how on June 2, 2021, the RCSU detectives learned of a

7  "burglary crime trend," how a certain vehicle—a gray Dodge Journey—was captured on

8  "surveillance systems belonging to the victim businesses" and identified as the suspect

9  vehicle, and how "the suspect is seen on surveillance video producing a handgun and

10  utilizing the butt of the handgun to break a standalone glass case." (*Id.* at 67.) The Report

11  further stated that on June 7, 2021, RCSU detectives "were monitoring social media

12  postings related to this crime trend and were alerted of a possible suspect." (*Id.*) Based

13  on the report on "social media postings," and "a photograph of the suspicious subject"

14  included in the postings, RCSU detectives ultimately located the gray Dodge Journey,

15  "maintained mobile surveillance of Jones," and took Jones into custody. (*Id.*)

16    The federal and state wiretap laws that Jones relies on prohibit unauthorized

17  interceptions of oral communications without the consent of those involved in the

18  communications. Federal and Nevada law both prohibit the unauthorized interception of

19  wire, electronic, or oral communications without the consent of the parties to the

20  communications, with specified exceptions. *See* 18 U.S.C. § 2511; NRS §§ 200.620,

21  200.650. Under both laws, any "aggrieved person" may file a motion to suppress the

22  contents of any unlawfully intercepted wire, electronic, or oral communication. 18 U.S.C.

23  § 2518(10)(a); NRS § 179.505(1).

24    The government correctly points out the defect in Jones' argument—RCSU

25  detectives did not intercept Jones' oral communications. The Report shows they obtained

26  information on victims' surveillance systems and social media postings, none of which

27  even involved Jones' oral communications. As for RCSU detectives' "mobile surveillance

28  of Jones," Jones cannot show that those detectives involved in the communications did

1   not consent such that the involved detectives intercepted oral communications without

2   authorization. Jones insists that these communications involved him or were directed at

3   him, rendering him an "aggrieved" person who can challenge the unauthorized

4   interceptions. (ECF No. 49 at 5.) But these laws prohibit interception of Jones'

5   communications with another person, without Jones and the other person's consent; they

6   do not prohibit others from communicating among themselves about Jones. For these

7   reasons, the Court agrees with the government that Jones' claim as asserted in ground

8   two fails on the merits.[3] The Court therefore denies the Motion as to ground two.

9          The Court's finding that ground two fails on the merits compels a similar finding as

10   to ground one challenging counsel's effectiveness. IAC claims are governed by the two-

11   part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the

12   Supreme Court held that a petitioner claiming ineffective assistance of counsel has the

13   burden of demonstrating that: (1) counsel's performance was unreasonably deficient; and

14   (2) that the deficient performance prejudiced the defense. *See Williams v. Taylor*, 529

15   U.S. 362, 390-91 (2000) (citing *Strickland*, 466 U.S. at 687). To establish ineffectiveness,

16   the petitioner must show that counsel's representation fell below an objective standard of

17   reasonableness. *See id.* To establish prejudice, the petitioner must show that there is a

18   reasonable probability that, but for counsel's unprofessional errors, the result of the

19   proceeding would have been different. *See id.*

20          Here, Jones cannot satisfy either of the *Strickland* prongs. First, Jones' counsel

21   did not act unreasonably in her apparent determination that the RCSU detectives did not

22   illegally intercept Jones' communications in investigating the underlying offense.

23   Moreover, any motion to suppress based on the arguments that Jones advances here

24   would have been deemed frivolous. Thus, Jones' counsel's failure to challenge the

25   underling evidence did not prejudice him.

26   ///

27

28          [3]The government argues that Jones waived his right to assert a Section 2255 claim in ground two except to claim ineffective assistance of counsel. (ECF No. 48 at 10.) The Court declines to address this argument because ground two clearly fails on the merits.

1    In sum, the Court finds that Jones fails to demonstrate any violation of federal or

2  state wiretap laws in support of grounds one and two. The Court accordingly finds that

3  there is no basis for an evidentiary hearing or appointment of counsel. The Court thus

4  denies the Motion on all grounds.

5                    **V.    CERTIFICATE OF APPEALABILITY**

6    Before Jones can appeal the Court's decision to deny his Motion, he must obtain

7  a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22; 9th Cir.

8  R. 22-1; *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). To receive

9  such a certificate, a petitioner must make "'a substantial showing of the denial of a

10  constitutional right' as to each issue the petitioner seeks to appeal." *Washington*, 653

11  F.3d at 1059 (quoting 28 U.S.C. § 2253(c)(2), (3)). "The petitioner must demonstrate that

12  reasonable jurists would find the district court's assessment of the constitutional claims

13  debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court determines

14  that reasonable jurists would not find its reasoning debatable or wrong. Thus, the Court

15  will deny a certificate of appealability.

16  **VI.    CONCLUSION**

17    The Court notes that the parties made several arguments and cited several cases

18  not discussed above. The Court has reviewed these arguments and cases and

19  determines that they do not warrant discussion because they do not affect the outcome

20  of the Motion before the Court.

21    It is therefore ordered that Barry Jones' motion to vacate, set aside, or correct his

22  sentence under 28 U.S.C. § 2255 (ECF No. 45) is denied.

23    It is further ordered that a certificate of appealability is denied.

24  ///

25  ///

26  ///

27  ///

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Clerk of Court is directed to enter a separate judgment on the docket reflecting the fact that the Court denies the Motion and close the related civil case (Case No. 3:23-cv-00102-MMD).

DATED THIS 22nd Day of August 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE